UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JARRETTE ANDERSON,

                            Plaintiff,                            **MEMORANDUM
        -against-                                                AND ORDER**

INCORPORATED VILLAGE OF HEMPSTEAD,                               15-CV-1485 (JS)(SIL)
VILLAGE OF HEMPSTEAD POLICE
DEPARTMENT, and JOHN AND JANE DOES
1-10, *Village of Hempstead Police Officers; in
their individual and official capacity,*

                            Defendants.
-----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court on referral from the Honorable Joanna Seybert for decision in this civil rights action, is Plaintiff Jarrette Anderson's ("Plaintiff" or "Anderson") motion for leave to file an amended complaint substituting John and Jane Does 1-10 (the "John Doe Defendants") with Village of Hempstead Police Department (the "VHPD") Police Officer Anthony Cousins ("Cousins") pursuant to Fed. R. Civ. P. 15. By way of Complaint dated March 20, 2015, Anderson commenced this litigation pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants Incorporated Village of Hempstead (the "Village"), the VHPD (together with the Village, the "Village Defendants"), and the John Doe Defendants (collectively with the Village Defendants, "Defendants"), alleging, *inter alia,* that he was unlawfully shot by a VHPD officer during an arrest on December 22, 2013. *See* Complaint ("Compl."), Docket Entry ("DE") [1]. With the instant motion, Plaintiff seeks to add Cousins as a Defendant in lieu of the John Doe Defendants. *See* DE [52]; *see also* DE

[52-3] (the "Proposed Amended Complaint" or "PAC"). For the reasons set forth below, Anderson's motion is denied.

## I.     Relevant Background

Plaintiff alleges that on or around December 22, 2013, he was sitting in his car at an intersection in Hempstead, New York when VHPD officers approached and questioned him. *See* Compl. ¶¶ 19-22. Purportedly "fearing for his life and safety," Anderson got out of his vehicle and ran. *See id.* ¶ 23. The officers pursued and apprehended Plaintiff, at which point "John Doe 1" allegedly drew his gun and shot Anderson twice in his left arm and neck, inflicting "massive and near-fatal injuries." *See id.* ¶¶ 24-27, 32. "John Doe 1" has now been identified by Plaintiff as Cousins. *See generally* Plaintiff's Memorandum of Law in Support of His Motion to Amend the Complaint ("Pltf.'s Mem."), DE [52]; *see also* PAC ¶¶ 24-27. Anderson claims that he was subsequently arrested and that, in connection therewith, the VHPD prepared "false statements" and provided "incorrect testimony" in "an effort to disguise their wrong-doing." *See* Compl. ¶¶ 33-34.

Based on the above arrest and subsequent prosecution for unidentified crimes, Anderson commenced this action on March 20, 2015. *See* DE [1]. The Complaint asserts the following causes of action pursuant to Section 1983: (i) False Arrest, Malicious Prosecution, Unreasonable and Excessive Use of Force, and Abuse of Process; (ii) Conspiracy to Deprive Plaintiff of Equal Protection; (iii) Failure to Intervene; and (iv) "Municipal Violations." *See* Compl. ¶¶ 42-81. Anderson further asserts the following claims under New York State law: (i) Assault and Battery; (ii)

False Imprisonment; (iii) False Arrest; (iv) Abuse of Process; (v) Intentional Infliction of Emotional Distress; and (vi) Negligence. *See id.* ¶¶ 82-115.

The Village Defendants filed their Answer on June 11, 2015, *see* DE [8], and discovery commenced thereafter. *See* DE [14]. On September 15, 2015, this Court stayed discovery upon the parties' consent pending the resolution of Plaintiff's underlying criminal proceedings. *See* DE [15]; September 15, 2015 Electronic Order. On January 27, 2016, Anderson wrote the Court indicating that he had pled guilty to numerous felonies and, as a result, only intended to move forward with his excessive force claim. *See* DE [16]. Discovery subsequently resumed. *See* DEs [17] – [20].

On July 27, 2017, Plaintiff filed a one-paragraph letter motion stating that he had learned that Cousins was the officer who shot him. *See* DE [33]. Rather than seeking to amend the caption at that juncture, however, Anderson requested that the Court "permit him to reserve his right to amend the caption until the completion on (*sic*) all depositions." *See id.* This Court granted that relief on October 30, 2017, *see* DE [37], and the instant motion was fully briefed on June 24, 2019. *See* DEs [52] – [54]. In his motion, Plaintiff seeks leave to file the Proposed Amended Complaint solely to substitute the John Doe Defendants with Cousins, arguing that it is proper to add him as a party despite the statute of limitations having run because Anderson was unaware that Cousins was the shooter when his Complaint was filed and the amendment "relates back" to his original Complaint pursuant to Fed. R. Civ. P. 15(c). *See generally* Pltf.'s Mem. In opposition, Defendants contend that a relation back amendment is inappropriate because substituting a previously unidentified John Doe for a named party does not constitute a "mistake concerning the proper party's

identity," as required by the applicable rule.  *See* Defendants' Letter in Opposition to Plaintiff's Application for Leave to Amend the Complaint ("Defs. Opp."), DE [53].

## II. Discussion

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a), which provides that courts "should freely give leave [to amend] when justice so requires."  Fed R. Civ. P. 15(a)(2).  Nevertheless, it is "within the sound discretion of the district court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal citation omitted).  Such relief may be denied for, among other reasons, futility.  *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)); *see also Reynolds v. City of Mount Vernon*, No. 14-cv-1481, 2015 WL 1514894, at *5 (S.D.N.Y. Apr. 1, 2015) ("a district court may deny leave to amend when … amendment would be futile ….") (citing *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000)).  "A motion to amend the complaint is futile if the claims sought to be added are barred by the relevant statute of limitations."  *Northbrook Nat. Ins. Co. v. J & R Vending Corp.*, 167 F.R.D. 643, 647–48 (E.D.N.Y. 1996) (collecting cases); *see also Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 81 (E.D.N.Y. 2011) ("A proposed amendment to add defendants may be considered futile 'if the claims sought to be added are barred by the relevant statute of limitations.'") (quoting *Sokolski v. Trans Union Corp.,* 178 F.R.D. 393, 397 (E.D.N.Y.1998)).

To that end, it is well-established that John Doe pleadings generally "cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."  *Barrow v. Wethersfield*

*Police Dep't*, 66 F.3d 466, 468 (2d Cir. 1995) (quoting *Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067, 1075 (2d Cir.1993)). "Thus, such amendment may only be accomplished when [it "relates back" because] all of the specifications of Fed. R. Civ. P. 15(c) are met." *Id.* (internal quotation, citation, and brackets omitted).

> Rule 15(c)(1)(C) allows for an amended pleading to relate back to the date of the original pleading if four conditions are met: (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party [knew or] should have known that, but for a mistake of identity, the original action would have been brought against it; and ... [4] the second and third criteria are fulfilled within [the period provided by Rule 4(m) for serving the summons and complaint], and ... the original complaint [was] filed within the limitations period.

*Ceara v. Deacon*, 916 F.3d 208, 211 (2d Cir. 2019) (quoting *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (quoting *Barrow*, 66 F.3d at 468–69)) (alterations in original).[1]

In the Second Circuit, "amendments to 'John Doe complaints' [seeking] to add real names do not relate back ... because such amendments [are] made 'not to correct a mistake but to correct a lack of knowledge.'" *Ceara*, 916 F.3d at 211-12 (quoting

---

[1] Rule 15(c)(1)(C) states:

> (1) **When an Amendment Relates Back**. An amendment to a pleading relates back to the date of the original pleading when: …

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

*Barrow* 66 F.3d at 410; *Hogan*, 738 F.3d at 518 (The Second Circuit's "interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity"). Nevertheless, "some district courts have found an exception to the ruling in *Barrow* in situations where the defendants withheld identifying information or unreasonably delayed in producing such information." *Morales v. Cty. of Suffolk*, 952 F. Supp. 2d 433, 438 (E.D.N.Y. 2013) (collecting cases); *see also Byrd v. Abate*, 964 F. Supp. 140, 145–46 (S.D.N.Y. 1997) (granting leave to amend where the plaintiff repeatedly requested identifying information prior to expiration of limitations period but defendant failed to timely provide it).

In *Krupski v. Costa Crociere S.p.A.*, the Supreme Court "granted *certiorari* to resolve tension among the Circuits over the breadth of Rule 15(c)(1)(C)(ii)." 560 U.S. 538, 546, 130 S. Ct. 2485 (2010). There, the plaintiff originally named "Costa Cruise" as a defendant instead of its closely-related corporate entity, "Costa Crociere," based on a misinterpretation of the companies' respective roles. *Id.* at 544, 130 S. Ct. 2485. Realizing her mistake after the statute of limitations had expired, the plaintiff sought leave to amend her complaint to substitute the proper defendant. In reversing the Eleventh Circuit's ruling that the plaintiff's deliberate choice in naming the wrong corporate entity, when she knew or should have known the proper party, meant there was no "mistake of identity," the Court held that the proper inquiry under Rule 15(c) is whether "the prospective *defendant* knew or should have known" that it would have been sued but for a mistake, "not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* at 548, 130 S. Ct. 2485 (emphasis in

original). *Krupski*, however, "did not abrogate *Barrow*, which remains the law of [the Second] Circuit." *Ceara*, 916 F.3d at 213 (collecting cases); *see also Morales*, 952 F. Supp. 2d at 437 ("Because *Krupski* does not address [the] isolated issue [of whether a plaintiff's lack of knowledge as to the identity of 'John Doe' Defendants can be considered a mistake or error] … *Barrow* remains good law ….") (quoting *Feliciano v. Cty. of Suffolk*, No. 04-cv-5321, 2013 WL 1310399, at *9 (E.D.N.Y. Mar. 28, 2013)) (collecting cases).

Applying these standards, Anderson's motion is denied because the Proposed Amended Complaint is futile due to its untimeliness. As an initial matter, the statute of limitations is three years for Plaintiff's Section 1983 and negligence causes of action and one year for his intentional tort claims. *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) ("Section 1983 actions in New York are subject to a three-year statute of limitations"); *Bethune v. Mount Sinai Beth Israel Med. Ctr.*, 173 F. Supp. 3d 10, 11 (S.D.N.Y. 2016) ("The statute of limitations for a negligence action in New York is three years.") (citing N.Y. C.P.L.R. § 214(5)); *Lucas v. Novogratz*, No. 01-cv-5445, 2002 WL 31844913, at *6 (S.D.N.Y. Dec. 18, 2002) (intentional torts in New York are subject to a one-year statute of limitations) (citing N.Y. C.P.L.R. § 214(3)). Thus, because the events underlying Anderson's claims herein occurred on December 22, 2013, *see* Compl. ¶ 19, the statute of limitations expired on December 22, 2016 at the latest. Because the instant motion was not filed until May 20, 2019, the Proposed Amended Complaint is untimely unless it relates back to the original filing.[2] To that

---

[2] The Court notes that the statute of limitations had already run when Plaintiff initially reserved his right to move to amend the caption on July 27, 2017. *See* DE [33].

end, Plaintiff fails to establish the "mistake of identity" required by Rule 15(c) and his motion is therefore denied.

In reaching its conclusion, the Court rejects Anderson's contention that "it was not until the [February 2018] depositions of Defendant VHPD's Police Officers were completed that Plaintiff could determine the correct parties to replace the [John Doe Defendants with]." *See* Pltf.s' Mem. at 2. Specifically, the Village Defendants served their initial disclosures on Anderson on July 15, 2015 – more than a year before the statute of limitations expired. *See* DE [53-1] (the "Initial Disclosures"). The Initial Disclosures not only identify Cousins as an individual who may have discoverable information, *see id.* at 2, but also annex the VHPD's Case Report, which states that Plaintiff "attempted to point and fire [a] handgun against (*sic*) PO Cousins at [the] scene … and [the] officer fired a single shot in order to prevent the subject from shooting him." *See id.*, Ex. A. Thus, the record demonstrates that Anderson learned Cousins's identity in time to amend his Complaint before the statute of limitations expired.

Similarly, Anderson's unsubstantiated assertion that he waited until after depositions were concluded to seek leave to amend his Complaint because moving earlier would have required him to "include numerous other VHPD Officers … [who] were not suitable Defendants in the current action," *see* Pltf.'s Mem. at 4-5, misses the mark as the Court is unaware of any authority indicating that such circumstances warrant Rule 15(c)'s protection. Instead, Plaintiff relies on *Byrd*, which is inapposite herein. *See* Pltf.'s Mem. at 4-5. In *Byrd*, the plaintiff timely sought the identity of a "John Doe" police officer on multiple occasions, only to have his requests refused by

Corporation Counsel until after the statute of limitations had run. *See* 964 F. Supp. at 143. Accordingly, the court distinguished the circumstances presented therein from *Barrow* – where the plaintiff failed to make efforts to discover the necessary information – in concluding that a relation back amendment was appropriate in light of the plaintiff's "series of efforts to obtain the identity of the individual officer … well before the end of the limitations period." *See id*. at 145. To rule otherwise, the court opined, "would permit defense counsel to eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended." *Id*. at 146. Here, however, there is no allegation that Defendants ever refused a request by Plaintiff to identify the purported shooter.

The Court further rejects Anderson's reliance on *Krupski* for the proposition that relation back is appropriate because Defendants knew or should have known that Cousins was a proper Defendant in this action. *See* Pltf.'s Mem. at 3-4; Plaintiff's June 24, 2019 Letter in Reply to His Motion for Leave to Amend the Complaint ("Pltf.'s Reply"), DE [54], at 2-3. Specifically, neither the extent of Defendants' knowledge concerning the underlying events nor the fact that Cousins was purportedly on notice that he was likely to be sued in this action is relevant in analyzing whether there was a "mistake of identity" because, as discussed above, *Krupski* did not impact *Barrow's* holding that the lack of knowledge concerning a John Doe's identity does not constitute a mistake entitling a plaintiff to a relation

back amendment. *Ceara*, 916 F.3d at 213. Accordingly, Plaintiff's motion for leave to file the Proposed Amended Complaint is denied.[3]

## III. Conclusion

For the reasons set forth above, Anderson's motion for leave to amend his Complaint is denied.

Dated:       Central Islip, New York
            March 2, 2020

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

---

[3] Because of the lack of a "mistake of identity" by Anderson in naming the John Doe Defendants rather than Cousins in his Complaint – a threshold inquiry for a "relation back" amendment – Plaintiff's remaining arguments that amendment is appropriate because it would cause no prejudice to Defendants or delay in the instant proceedings are without merit. *See generally* Pltf.'s Mem.; Pltf.'s Reply.