```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JARRETTE ANDERSON,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       15-CV-1485(JS)(SIL)

INCORPORATED VILLAGE OF HEMPSTEAD,
VILLAGE   OF   HEMPSTEAD   POLICE
DEPARTMENT, VILLAGE OF HEMPSTEAD
POLICE OFFICERS JOHN AND JANE DOES
"1-10", in their individual and
official capacity,

                    Defendants.
-----------------------------------X
```

APPEARANCES
For Plaintiff:      Frederick K. Brewington, Esq.
                    Albert Darnell Manuel, III, Esq.
                    Law Offices of Frederick K. Brewington
                    556 Peninsula Boulevard
                    Hempstead, New York  11550

For Defendants:     Andrew Kenneth Preston, Esq.
                    Bee Ready Fishbein Hatter & Donovan LLP
                    170 Old Country Road
                    Mineola, New York  11501

SEYBERT, District Judge:

On March 20, 2015, plaintiff Jarrette Anderson ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") and New York State law against the Incorporated Village of Hempstead (the "Village"); the Village of Hempstead Police Department; and John and Jane Does #1-10 (collectively, "Defendants").  Pending before the Court is Defendants' motion for summary judgment.  (Mot., ECF No. 71; Support Memo, ECF No. 71-2;

1

Opp'n, ECF No. 76; Reply, ECF No. 77.) For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

### I. Facts

The following facts, unless otherwise noted, are undisputed.[1]

#### A. The Arrest

This case arises out of Plaintiff's arrest on December 22, 2013. Plaintiff spent the evening of December 22, 2013 at a friend's apartment on South Franklin Street in the Village. (Defs. 56.1 Stmt. ¶ 20.) At around 11:00 p.m. that night, Plaintiff and his friends, Lamar Laws and Daquan Godely, left the apartment and got into Godely's car, which was parked nearby. (Id. ¶¶ 21-22.)

---

[1] Unless otherwise indicated, the facts are taken from Defendants' Rule 56.1 Statement (Defendants' Rule 56.1 Statement of Material Facts ("Defs. 56.1 Stmt."), ECF No. 71-1), and Plaintiff's Rule 56.1 Counterstatement of Material Facts (Plaintiff's Counterstatement of Material Facts ("Pl. 56.1 Counterstmt."), ECF No. 76-1). Unless otherwise stated, a standalone citation to a Rule 56.1 Statement or Counterstatement denotes that either the parties agree or the Court has determined that the underlying factual allegation(s) is (are) undisputed. Citation to a party's Rule 56.1 Statement or Counterstatement incorporates by reference the document(s) cited therein.

Defendants' exhibits, which are attached to the Declaration of Andrew K. Preston (see ECF No. 71-3), are identified by letters. For ease of citation, the Court will simply cite to the lettered exhibits. Plaintiff's exhibits, which are attached to the Declaration of Albert D. Manuel, III (see ECF No. 76-2), are similarly identified by letters. Again, for ease of citation, the Court will simply cite to the lettered or numbered exhibits.

Plaintiff sat behind the front passenger seat. (Pl. 56.1 Counterstmt. ¶ 1.)

As Plaintiff, Laws, and Godely sat in Godely's parked car, three plainclothes Village police officers, including Officer Cousins, approached the car in an unmarked vehicle, allegedly because one of the officers smelled marijuana. (Defs. 56.1 Stmt. ¶ 23; Officer Cousins Depo. Tr. at 41:4-8, Ex. E.) The parties dispute whether the officers identified themselves as police. (Compare Pl. 56.1 Counterstmt. ¶¶ 2-6, and Pl. Depo. Tr. at 38:9-13, 39:3-8, Ex. D; with Officer Cousins Depo. Tr. at 46:12-16.) Nevertheless, it is undisputed that Plaintiff got out of the car and fled from the officers, with Officer Cousins giving chase. (Defs. 56.1 Stmt. ¶¶ 23-25.) According to Plaintiff, he fled because a "threatening stranger," Officer Cousins, had drawn his weapon. (Pl. 56.1 Counterstmt. ¶ 6.) Officer Cousins testified that he pulled his firearm because Plaintiff, upon exiting the vehicle, "immediately grabbed his waistband with both hands" in such a way that Officer Cousins "perceived that he had a gun." (Officer Cousins Depo. Tr. at 46:9-13, 47:16-21, 50:24-51:8-10.)

The parties generally dispute what happened after Officer Cousins overtook Plaintiff. According to Defendants, Plaintiff drew a gun from his waistband and turned to shoot Officer Cousins as soon as the latter tried to pull Plaintiff to the ground. (Defs. 56.1 Stmt. ¶ 26.) Officer Cousins fired one shot

in response, striking Plaintiff in the neck. (Id. ¶ 27.) As summarized infra, this version of events is corroborated by Plaintiff's subsequent plea allocution in the state court criminal prosecution resulting from the December 22, 2013 incident. Conversely, Plaintiff disputes having a gun the night of the altercation, let alone drawing it with the intent to shoot Officer Cousins. (Pl. 56.1 Counterstmt. ¶ 7.) Rather, Plaintiff asserts that he "fell to the ground during the chase," at which time Officer Cousins shot him. (Id. ¶ 9.)

  B. State Court Criminal Proceedings

    As a result of the December 22, 2013 incident, Plaintiff was indicted and pleaded guilty to the following: (1) two counts of criminal possession of a controlled substance in the fifth degree; (2) two counts of criminal possession of a controlled substance in the seventh degree; (3) two counts of criminal possession of a weapon in the second degree; (4) criminal possession of a weapon in the fourth degree; (5) menacing a police officer; (6) criminal possession of a controlled substance in the fourth degree; and (7) resisting arrest. (Defs. 56.1 Stmt. ¶ 28; see also Plea Allocution, Ex. C.) Significantly, at his plea allocution held on November 10, 2015, Plaintiff testified that on the night of December 22, 2013, he knowingly "[p]ossessed a loaded weapon" without a permit (Plea Allocution at 9:5-15), and that he attempted to point the loaded firearm at Officer Cousins, whom he

4

knew to be a police officer at that time (id. at 10:5-13). He further admitted to resisting Officer Cousins when the latter attempted to place him under arrest. (Id. at 10:14-17.) Last, Plaintiff admitted to possessing cocaine at the time of the incident. (Id. at 9:24-10:4.) Plaintiff has since been released from prison.

## II. Procedure

Plaintiff initiated this action on March 20, 2015, asserting violations of his Fourth, Fifth, and Fourteenth Amendment constitutional rights under Section 1983, as well as several New York State law claims. Specifically, the Complaint asserts the following causes of action pursuant to Section 1983: (1) false arrest, malicious prosecution, unreasonable and excessive use of force, and abuse of process; (2) conspiracy to deprive Plaintiff of equal protection; (3) failure to intervene; and (4) "Municipal Violations." (Compl., ECF No. 1, ¶¶ 42-81.) Plaintiff further asserts the following claims under New York State law: (1) assault and battery; (2) false imprisonment; (3) false arrest; (4) abuse of process; (5) intentional infliction of emotional distress; and (6) negligence. (Id. ¶¶ 82-115.) Plaintiff asserts these claims against the Village, the Village of Hempstead Police Department, and Doe Defendants.

On September 3, 2015, Plaintiff requested a stay of this action pending resolution of Plaintiff's underlying state court

criminal proceeding. (ECF No. 15.) On January 27, 2016, Plaintiff provided a status report in which he advised that he had pleaded guilty to "numerous felony matters with which he was charged" in the underlying criminal matter. (ECF No. 16.) As a result, Plaintiff advised that he would "move forward with the excessive force claim" here. (Id.)

For reasons that the parties do not explain,[2] Plaintiff never amended his Complaint to drop his additional claims under Section 1983 and New York State law. Rather, on May 20, 2019, after the parties had completed discovery, Plaintiff sought leave to amend the Complaint to name Officer Cousins as a defendant. (See ECF Nos. 51, 52.) Following briefing regarding Plaintiff's motion to amend the Complaint, Magistrate Judge Locke issued an order on March 2, 2020 denying Plaintiff's request on the ground that it was "futile due to its untimeliness." (Mar. 2, 2020 Order at 7, ECF No. 55.) Accordingly, there are no individual defendants in this action.

---

[2] At Plaintiff's deposition, it appears the parties arrived at an understanding that Plaintiff would not be withdrawing the other causes of action. (Pl. Depo. Tr. at 5:2-6:2.)

6

DISCUSSION

I. Legal Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Material facts are those which might affect the outcome of the suit under the governing law, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wagner v. Chiari & Ilecki, LLP, 973 F.3d 154, 164 (2d Cir. 2020) (quoting Coppola v. Bear Stearns & Co., 499 F.3d 144, 148 (2d Cir. 2007)) (internal quotation marks omitted). The movant bears the burden of establishing that there are no genuine issues of material fact for trial. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial," as Plaintiff does here, "the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).

On a motion for summary judgment the Court considers the "pleadings, deposition testimony, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d

7

147, 156 (2d Cir. 2011). In reviewing the record, "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Sheet Metal Workers' Nat'l Pension Fund v. Vadaris Tech. Inc., No. 13-CV-5286, 2015 WL 6449420, at *2 (E.D.N.Y. Oct. 23, 2015) (quoting McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997)). When drawing inferences from evidence in the record in favor of the non-moving party, however, a court should not accord the non-moving party the benefit of "unreasonable inferences, or inferences at war with undisputed facts." Berk v. St. Vincent's Hosp. & Med. Ctr., 380 F. Supp. 2d 334, 342 (S.D.N.Y. 2005) (quoting County of Suffolk v. Long Island Lighting Co., 907 F.2d 1295, 1318 (2d Cir. 1990)).

II. Analysis

    A. Section 1983

Plaintiff's Section 1983 claims fail for several reasons. First, there are not any named individual defendants in this action as a result of Plaintiff's unsuccessful attempt to amend his Complaint to add Officer Cousins. And it is well established that Plaintiff cannot pursue his Section 1983 claims for false arrest; malicious prosecution; excessive use of force; abuse of process; conspiracy to deprive Plaintiff of equal protection; and failure to intervene against the Village Police Department generally or against the Village itself on a respondeat

8

superior theory of liability. Thus, these claims must be dismissed. Further, while Plaintiff can pursue his Monell claim against the Village, there is no competent evidence in the record from which the Court may find that the alleged constitutional torts were caused by a Village policy or custom, an essential element to Plaintiff's claim.

1. Applicable Law

Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or the laws of the United States. See 42 U.S.C. § 1983; Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992). Further, it is well established that a municipality such as the Village cannot be held liable under Section 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). "Rather, municipalities may be liable [under Section 1983] only where 'execution of a government's policy or custom' causes constitutional violations." Buari v. City of New York, No. 18-CV-12299, 2021 WL 1198371, at *21 (S.D.N.Y. Mar. 30, 2021)

9

(quoting Monell, 436 U.S. at 694). "To prevail against a municipality in a Section 1983 action, a plaintiff must plead and prove three elements: (1) an official policy or custom that (2) caused the plaintiff to be subjected to (3) a denial of a constitutional right." Kogut v. County of Nassau, No. 06-CV-6695, 2009 WL 5033937 (E.D.N.Y. Dec. 11, 2009) (citing Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008)).

2. Application

First, there are no individually named defendants in this action, because Plaintiff failed to timely amend his complaint to add Officer Cousins as a defendant. (See Mar. 2, 2020 Order.) Just as Judge Locke found, at this juncture, Plaintiff cannot amend his complaint to add individual officer defendants, such as Officer Cousins, because his Section 1983 claims, which are governed by a three-year statute of limitations, would be time barred. (Id. at 7-8); see also Pugh v. Casimir, No. 18-CV-7350, 2021 WL 4463103, at *7 (E.D.N.Y. Sept. 29, 2021) ("A plaintiff may not amend the complaint or alter his theory of liability in a memorandum of law in opposition to summary judgment." (citing Lyman v. CSX Transp., Inc., 364 F. App'x 699, 701 (2d Cir. 2010))); Polite v. Town of Clarkstown, 198 F.R.D. 610, 612 (S.D.N.Y. 2001) (denying the plaintiffs' motion to amend their Section 1983 complaint to add individual defendants where claims against the individual defendants would be time-barred, even where the plaintiff "was

10

required to name an individual as a defendant"). For that reason, Plaintiff's Section 1983 claims against the Doe Defendants are dismissed as time barred. Gleeson v. County of Nassau, No. 15-CV-6487, 2019 WL 4754326, at *12 (E.D.N.Y. Sept. 30, 2019).[3]

Further, the Court cannot hold the Village liable pursuant to Section 1983 under a respondeat superior theory. Connick v. Thompson, 563 U.S. 51, 60 (2011) (holding under Section 1983, local governments are responsible for "their own illegal acts," and are "not vicariously liable under [Section] 1983 for their employees' actions." (citations omitted) (emphasis in original)); see also Merriweather v. City of New York, No. 12-CV-5258, 2015 WL 57399, at *3 (S.D.N.Y. Jan. 5, 2015) (holding that, upon dismissal of the only individual defendant, "Plaintiff's only remaining claims as to the City are a federal claim for a violation of his constitutional rights by a municipal policy and his state law claims"). As such, Plaintiff can proceed under Monell by

---

[3] Even assuming Plaintiff could pursue his Section 1983 claims, the Court seriously doubts he could survive summary judgment on any of them in light of his guilty plea in the underlying criminal matter. See Routier v. O'Hara, No. 08-CV-02666, 2013 WL 3777100, at *7-8 (E.D.N.Y. July 17, 2013) (finding the Section 1983 plaintiff was collaterally estopped from denying facts to which he admitted during a state plea allocution, including that he "knowingly possessed a loaded firearm, that being a pistol, with the intent to use it unlawfully against another" the night of the incident).

11

showing that a Village policy caused the constitutional violations at issue in this case.

A plaintiff can establish the policy requirement in several ways, but here, "[b]eyond the alleged facts of this particular case, [P]laintiff[] ha[s] presented neither argument nor a single piece of evidence regarding the existence of a custom or policy in" the Village. Raphael v. County of Nassau, 387 F. Supp. 2d 127, 131 (E.D.N.Y. 2005). There is an absence of evidence in the record from which the Court could find that Officer Cousin's conduct the night of the incident was caused by the deliberate indifference of Village policymakers as to proper training or supervision of their subordinates, let alone that it formed part of a persistent and widespread de facto custom at the Village. In fact, there is no competent evidence regarding anything beyond the factual underpinnings of Plaintiff's arrest. This dooms Plaintiff's Monell claim, because, as the Supreme Court has made clear, an isolated instance of unconstitutional conduct by individual officers, even if proven, is not sufficient to impose municipal liability. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–24 (1985); see also Greenaway v. County of Nassau, 97 F. Supp. 3d 225, 237 (E.D.N.Y. 2015). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy,

12

which policy can be attributed to a municipal policymaker." Tuttle, 471 U.S. at 823-24. Here, there is no evidence in the record from which the Court can infer any proof regarding a policy attributable to a Village policymaker.

In response, Plaintiff argues that "there are numerous cases where Hempstead police continue to use excessive force and shoot civilians," and that "juries have found that the Municipality is responsible for the pattern and practice, the failure to properly supervise, and the failure to properly train these officials." (Opp'n at 13-14.) To the contrary, having reviewed each of the cited cases, about which Plaintiff provides no detail, the Court notes that not one resulted in a jury finding of Monell liability as to the Village. In fact, in one of the cited decisions, the Honorable Judge Spatt granted the defendants summary judgement on the plaintiff's Monell claim for reasons that apply with equal force here:

> In this case, the Plaintiff has offered no evidence in his opposition papers to suggest that any unconstitutional custom and/or policy exists. Rather, the Plaintiff seems to contend that based on the alleged actions of Holley and Officer Washington in this case, an inference should be drawn that the Village condoned such behavior by its police officers by failing to adequately train them. These allegations are unsupported by any evidence in the summary judgment record before the Court beyond that evidence that concerns the Plaintiff's own case.

13

Pittman v. Incorporated Village of Hempstead, 49 F. Supp. 3d 307, 319 (E.D.N.Y. 2014).

Accordingly, Defendants motion for summary judgment as to Plaintiff's Section 1983 claims is GRANTED, and those claims are DISMISSED.

B.   New York State Law Claims

In addition to his Section 1983 claims, Plaintiff also asserts the following claims under New York State law: (1) assault and battery; (2) false imprisonment; (3) false arrest; (4) abuse of process; (5) intentional infliction of emotional distress; and (6) negligence.  The Court declines to exercise supplemental jurisdiction over these claims, which are hereby dismissed without prejudice.

Federal courts "have supplemental jurisdiction over all other claims that are so related to claims [over which the court has] original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Put otherwise, "[t]he state and federal claims must derive from a common nucleus of operative fact."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  In deciding whether to exercise supplemental jurisdiction, a district court should balance the "values of judicial economy, convenience, fairness, and comity."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).  "In general, where the federal claims are dismissed before trial, the state

14

claims should be dismissed as well." Delaney v. Bank of America Corp., 766 F.3d 163, 170 (2d Cir. 2014). Here, having dismissed Plaintiff's federal claims, the Court finds the factors of economy, convenience, fairness, and comity do not support the exercise of supplemental jurisdiction over Plaintiff's New York State law claims.

Accordingly, Plaintiff's New York State law claims are DISMISSED WITHOUT PREJUDICE.[4]

## CONCLUSION

For the stated reasons, Defendants' motion for summary judgment is GRANTED, Plaintiff's Section 1983 claims are DISMISSED, and Plaintiff's New York State law claims are DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January 28 , 2022
      Central Islip, New York

---

[4] Plaintiff also maintains claims against the Village of Hempstead Police Department. However, it is well established that Plaintiff cannot maintain claims against the Village of Hempstead Police Department because it is an administrative arm that does not have a legal identity separate and distinct from the Village. Pooler v. Hempstead Police Dep't, 897 F. Supp. 2d 12, 21 (E.D.N.Y. 2012). Accordingly, Plaintiff's claims against the Village Police Department are DISMISSED.

15